UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:04-CR-00157-FDW-DCK

| UNITED STATES OF AMERICA | ) |
|---|---|
| v. | ) |
| ANDRE MCRAE, | ) **ORDER** |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendant's Motion for Reconsideration, (Doc. No. 167). In his motion, filed by defense counsel, Defendant asks the Court to reconsider its prior Order granting in part and denying in part his motion to reduce his sentence and also asks the Court to grant his request to have an evidentiary hearing on this matter, as originally requested. Specifically, Defendant requests a hearing to call "former Magistrate Judge Carl Horn" to testify as to his relationship with Defendant, who "had appeared before me several times when I was a Magistrate Judge," (Doc. No. 160-1, p. 1), and "with whom he has developed a close friendship over the past few years." (Doc. No. 167, pp. 1-2). Defendant contends the former judge's testimony would be particularly relevant to this Court's "consideration of the relevant § 3553(a) factors" addressed in the Court's order reducing Defendant's sentence and "his significant post-conviction rehabilitation." (Id.). In short, Defendant contends an evidentiary hearing to provide the former judge's testimony would "strengthen [Defendant's] position that a reduction to 308 months is appropriate in this case." (Id.).

Whether to hold an evidentiary hearing on a motion to reduce a sentence lies within the Court's discretion. United States v. Taylor, No. 21-6707, 2022 WL 17581955, at *1 (4th Cir. Dec. 12, 2022) (holding the district court did not abuse its discretion in denying the defendant's motion

1

for an evidentiary hearing in resolving a motion for compassionate release (citing Richardson v. Kornegay, 3 F.4th 687, 695 (4th Cir. 2021) (stating standard of review for denial of evidentiary hearing in federal habeas corpus proceeding)).

As explicitly stated in the Order granting in part Defendant's motion to reduce his sentence, the Court already considered the former judge's letter and its contents "speaking to his character and vouching for his rehabilitation." (Doc. No. 166, p. 9). The letter provides, in full:

> I was surprised to receive a letter several years ago from Andre McRae, who had appeared before me several times when I was a Magistrate Judge. Andre had seen my name in Charlotte Magazine and, again, surprised me by simply writing to wish me the best.
>
> Andre and I have since exchanged dozens of letters and, frankly, have become long distance friends of a sort. I have also sent Andre books he requested and subscriptions to periodicals including USA Today, Charlotte Magazine (his request), and The Word Among Us (daily Scripture readings and thoughtful reflections). In short, through our written correspondence and periodic phone conversations I believe I have come to understand Andre's core convictions, his heart felt regrets about the past, and his constructive plans once he completes his sentence.
>
> I sincerely believe Andre has realized the errors of his drug-related conduct as a young man and that, if released, he would live a productive, fully law-abiding life. His family is very supportive, including a brother in Charlotte with whom Andre would live initially. And for what it's worth, I fully intend to remain a part of Andre's life once he completes his sentence.
>
> I am also of the firm conviction that Andre has paid his debt to society, having served 18 1/2 years. He is now 51-years-old, and desperately wants to show that he can make constructive contributions in society and to his family. One of Andre's aspirations is to establish a clothing business; another is to be a mentor to young men who are on – or might get on – the wrong track. And of course he very much wants to make up for lost time as a father, grandfather, brother, and uncle.
>
> In light of these points, it is my hope that you will prayerfully consider reducing Andre's sentence to "time served," which in my [unsolicited and] humble opinion would strike just the right balance between justice and mercy.
>
> Many thanks, my friend, for your continued public service. I know your job is not an easy one!

> Sincerely,
> Carl
> Carl Horn, III

(Doc. No. 160-1, pp. 1-2).[1] The Court considered this input—along with other evidence, including impactful letters from six other people supporting Defendant—in addressing the "relevant § 3553(a) factors" and "significant post-conviction rehabilitation," so a hearing to receive testimony from this same witness would be cumulative and duplicative.

Most troubling, however, is counsel's suggestion that additional testimony from a former judicial officer of this Court would be more persuasive than the considerable evidence already considered by this Court in its decision reducing Defendant's sentence. The letter indicates the author met Defendant because he "had appeared before [me] several times when I was a Magistrate Judge." (Doc. No. 160-1, p. 1). This indicates the author's unique insight based on inside knowledge as the former magistrate judge who made certain rulings in Defendant's case. Defense counsel's instant motion attempts to further use the prestige of the former judicial officer's status to advance Defendant's interests in this case.

Current United States circuit judges, district judges, magistrate judges, and other federal judges are bound by the Code of Conduct for United States Judges, and Canon 2 specifically addresses the limitations on a judicial officer's testimony to the courts:

> A judge should neither lend the prestige of the judicial office to advance the private interests of the judge or others nor convey or permit others to convey the impression that they are in a special position to influence the judge. A judge should not testify voluntarily as a character witness.

---

[1] The Court notes this exhibit is part of a pleading filed under seal pursuant to an order of this Court because the pleading contained private sensitive information in some of the argument and exhibits thereto. The letter's contents included here, however, do not disclose any personal, medical, or confidential information. For this reason and because the evidence provided in the letter is central to the resolution of Defendant's motion at bar, the Court finds that the public interests in access heavily outweigh any interest in the letter remaining under seal.

Canon 2(B), Code of Conduct for U.S. Judges, Guide to Judiciary Policy, Vol. 2A, Ch. 2, p. 3 (March 12, 2019).[2] The Commentary to this rule explains, in relevant part, the following:

> Testimony as a character witness injects the prestige of the judicial office into the proceeding in which the judge testifies and may be perceived as an official testimonial. A judge should discourage a party from requiring the judge to testify as a character witness except in unusual circumstances when the demands of justice require. . . .
>
> *A judge should avoid lending the prestige of judicial office to advance the private interests of* the judge or *others. For example, a judge should not use the judge's judicial position or title to gain advantage in litigation involving a friend* . . . .
>
> A judge should be sensitive to possible abuse of the prestige of office. *A judge should not initiate communications to a sentencing judge or a probation or corrections officer but may provide information to such persons in response to a formal request.*

Id., at p. 4 (emphasis added). While these cannons do not apply to federal judges no longer in office, defense counsel—not unsubtly—seeks a hearing for the sole purpose of advancing character testimony from a former magistrate judge. In doing so, defense counsel unabashedly attempts to use the prestige of a former judicial officer to gain special influence with this Court. This is highlighted by the fact defense counsel requests an evidentiary hearing for the purpose of advancing *only* the testimony from the former judicial officer.

The Court—in its discretion—finds no sufficient reason under this current record to hold an evidentiary hearing to receive testimony from a witness who already submitted a detailed letter in support of Defendant's motion for compassionate release. Defendant fails to provide any persuasive explanation as to how testimony beyond the contents of the letter already considered by the Court is necessary. The Court finds this result particularly prudent—although not

---

[2] The Code of Conduct for United States Judges, as explained on the official website for the United States Courts, "includes the ethical canons that apply to federal judges and provides guidance on their performance of official duties and engagement in a variety of outside activities." https://www.uscourts.gov/judges-judgeships/code-conduct-united-states-judges#c (visited 6/7/2023). The most recent version of the Code of Conduct as adopted by the Judicial Conference can be found on that same website.

required—where the *sole basis for the hearing* would be to receive additional testimony from a witness that could be viewed as using the prestige of a former judicial office to gain an advantage before this Court. Because the instant motion provides no other basis to support the request for an evidentiary hearing, it is DENIED. Additionally, the Court finds no reason to reconsider its prior Order granting Defendant's motions to reduce sentence, (Doc. No. 166), and concluding an aggregate term of imprisonment of 445 months and a term of supervised release of six years is sufficient, but not greater than necessary to comply with the purposes of sentencing. 18 U.S.C. § 3553(a).

**IT IS, THEREFORE, ORDERED** that the Motion for Reconsideration, (Doc. No. 167), is DENIED.

**IT IS SO ORDERED.**

Signed: June 7, 2023

_____
Frank D. Whitney
United States District Judge